UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOLDA D. HARRIS, | Civil Action No. 16-0291 (PGS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| BUREAU OF PAROLE CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff Golda D. Harris, a prisoner currently confined at the Edna Mahan Correctional Facility in Clinton, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court denied Plaintiff's previous two IFP applications, for her failure to submit a six-month prison account statement certified by an authorized prison official as required by 28 U.S.C. § 1915. ECF Nos. 2 & 5. Presently before the Court is Plaintiff's motion to reopen and her third IFP application. ECF Nos. 6 & 7.

Plaintiff once again fails to submit a proper six-month account statement. Although Plaintiff now has submitted a prison account statement that is certified by a prison official, the statement covers the period between July 1, 2016 and January 25, 2017, *see* ECF No. 6 at 7, but the Complaint was filed on January 15, 2016. This does not satisfy the statutory requirement that the account statement must cover the six-month period *immediately preceding* the filing of the Complaint, *i.e.* in this matter, from July 15, 2015 to January 15, 2016. *See* 28 U.S.C. § 1915(a)(2); *Nicholas v. Corbett*, 254 F. App'x 117, 118 (3d Cir. 2007) ("[The IFP statute] governs only the circumstances under which a prisoner may 'bring' a civil action *in forma pauperis*, which means

that its impact must be assessed at the time a prisoner files his or her complaint."). Indeed, this is a requirement the Court noted in its very first order denying IFP. *See* ECF No. 2 at 2. As such, Plaintiff's third IFP application is again improper.

IT IS therefore on this ___15___ day of ___February___, 2017,

**ORDERED** that Plaintiff's request to proceed *in forma pauperis*, ECF No. 6, is hereby **DENIED WITHOUT PREJUDICE**; it is further

**ORDERED** that Plaintiff's motion to reopen, ECF No. 7, is hereby **DENIED**; it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing, within thirty (30) days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a proper certified six-month account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and payment of the filing and administrative fees within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Peter G. Sheridan, U.S.D.J.