# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOLDA D. HARRIS, | Civil Action No. 16-0291 (PGS) (TJB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| BUREAU OF PAROLE CORRECTIONS, et al., | |
| Defendants. | |

This matter has come before the Court on a civil rights Complaint filed by Plaintiff Golda D. Harris pursuant to 42 U.S.C. § 1983, asserting that Defendants violated her constitutional rights when they denied her parole. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2). For the reasons stated below, the Complaint is dismissed.

In the Complaint, Plaintiff demands several forms of relief: (1) a jury trial and discovery; (2) an order for immediate release to supervised parole; (3) a reduction of her sentence; and (4) monetary damages. ECF No. 1 at 6. The Court is unsure on what ground Plaintiff asserts the first relief, because there is no constitutional right to jury trials for parole hearings, and Plaintiff cites to no state law requiring a jury trial for parole hearings.

With regard to the second and third relief, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy

is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As such, § 1983 is the inappropriate avenue to seek such relief.

With regard to the fourth relief, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Supreme Court explained:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. In *Wilkinson v. Dotson*, the Supreme Court further clarified its *Heck* holding, finding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81-82 (2005).

Here, Plaintiff challenges the denial of parole itself. In order for the Court to grant monetary relief, it must necessarily find that the denial of parole was invalid. As *Heck* and *Wilkinson* hold, such relief is barred unless and until she can reverse the denial of parole through, for example, an appeal to the state court. Indeed, based on the exhibits submitted by Plaintiff, she was informed of her opportunity to appeal to the state appellate court, *see* ECF No. 1 at 20, but there is no allegation that she availed herself to the appeal process, let alone that her denial of parole was reversed on appeal. As such, the Court finds that the Complaint fails to state a claim upon which relief may be granted, and is dismissed.

IT IS therefore on this ___25___ day of ___May___, 2017,

**ORDERED** that the Complaint, ECF No. 1, is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff, and shall **CLOSE** the file.

_____
Peter G. Sheridan, U.S.D.J.